JEFFREY M. VETTER
CHAPTER 7 TRUSTEE
P.O. BOX 2424
BAKERSFIELD, CA 93303
(661) 809-6806

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

GRANT PATRICK SNYDER

Debtor(s).

Case No: 10-13439-A-7

Chapter 7

DC No. JMV-1

**MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL NON EXEMPT EQUITY OF PERSONAL PROPERTY TO THE DEBTOR**

Date: August 24, 2010
Time: 1:30 pm
Place: U.S. Bankruptcy Court
1300 18th Street, Suite A
Bakersfield, California
Judge: Whitney Rimel

JEFFREY M. VETTER, Chapter 7 respectfully represents:

I. INTRODUCTION

The trustee moves the Court for authority to sell non exempt equity of two Polaris quads, a Kinkade painting, and a Lance camper ("the Personal Property") to Grant Patrick Snyder ("the Debtor") for $4,000.00. The trustee believes that the sale of the estate's interest in the Personal Property to the Debtor is in the best interest of the estate because (1) the sale price approximates what the Trustee believes he could obtain after an offer from a third party, after paying commissions and secured creditor, (2) the Debtor has secured funding and has mailed a check to

the Trustee in the amount of $4,000.00, (3) a sale to the Debtor eliminates delay and uncertainty that would occur if the Trustee were to market the property, thereby allowing the Trustee complete the administration of the Chapter 7 case filed by the Debtor sooner.

## II. FACTUAL BACKGROUND

1. Jeffrey Vetter is the duly appointed, qualified, and acting Trustee in the case.

2. The court has jurisdiction under 28 U.S.C. Section 1334 and 11 U.S.C. Section 363. This is a core matter under 28 U.S.C. 157(b) (2) (A) & (N).

3. The Debtor filed Chapter 7 on March 31, 2010. The Debtor listed the Personal Property in their original Schedule B-Personal Property.

4. A sale of a the non exempt equity to the Debtor avoids the uncertainty of whether or not the Personal Property could be sold in a reasonable period of time, saves substantially on the costs of sale, and approximates what the Trustee believes he would receive from a third party buyer. Therefore, he believes it is in the best interest of the estate to sell the non exempt equity of the Personal Property to the Debtor for $4,000.00. The trustee has accepted the Debtors' offer, subject to court approval.

6. The Debtor has delivered a check in the amount of $4,000.00 to the Trustee pending the approval of the Motion.

7. The last day to file claims in the Debtors' case is August 19, 2010, and nine creditors have filed a claim at the time of the writing of the Motion. The Debtors' scheduled unsecured claims are approximately $119,322.24.

//
//
//

### III. CONCLUSION

Wherefore, the Trustee prays for an order providing that:

1. the Motion is granted;

2. the Trustee is authorized to sell the estate's non exempt equity in the Personal Property to the Debtor for $4,000.00.

3. the Trustee is authorized to execute all documents necessary to effectuate the sale of non exempt equity of Personal Property to the Debtor for $4,000.00.

4. for such other relief as the court determines is just and proper.

Dated: July 19, 2010

/s/ Jeffrey M. Vetter
JEFFREY M. VETTER
Chapter 7 Trustee

E-Filed by: Jeffery M. Vetter
661-809-6806
jeffreyvetter@hotmail.com